## Harry S. Mecartney, Defendant in Error, v. City of Chicago, Plaintiff in Error.

### Gen. No. 23,935.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Harry S. Mecartney, plaintiff, against the City of Chicago, defendant. The facts and issues involved are fully stated in *City of Chicago v. Thomasson*, 259 Ill. 322, and *Mecartney v. City of Chicago*, 273 Ill. 276. To reverse a judgment for plaintiff for $20,442.41 interest on awards heretofore recovered against defendant (273 Ill. 276), the latter prosecutes this writ of error.

Samuel A. Ettelson, for plaintiff in error; Harry F. Atwood, Albert L. Green, Howard F. Bishop and Otto W. Ulrich, of counsel.

Enoch J. Price, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1733*—*when claim for interest on awards against city in condemnation proceedings is res judicata.* In an action to recover interest on awards against a city in condemnation proceedings for local improvements, plaintiff's claim to interest *held* to have been established by the decision of the Supreme Court in an action between the parties to determine his right to such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

awards (*Mecartney v. City of Chicago*, 273 Ill. 276), and to be *res judicata* under that decision.

2. LIMITATION OF ACTIONS, § 121*—*when request for leave to file plea is too late.* Refusal to permit the filing of a plea setting up the statute of limitations is not error where leave to file it is first sought after trial and review and remandment by the Supreme Court.

3. LIMITATION OF ACTIONS, § 106*—*when refusal to allow filing of plea is not error.* Refusal to permit the filing of a plea setting up the statute of limitations is not error where, even if the plea should be sustained, it would not end the litigation, but would leave open to plaintiff the remedy of assumpsit or of mandamus.

4. APPEAL AND ERROR, § 1725*—*what matters deemed adjudicated on former appeal.* The rule is that not only those matters which are presented for determination, but also those which could have been presented, shall be deemed to have been adjudicated by the decision of the Supreme Court on a former appeal.